FILED
CLERK
3:35 pm, Sep 12, 2025
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────────X

For Online Publication Only

DELTA LEVEL LLC d/b/a DELTA LEVEL
DEFENSE, and RYAN GISOLFI,

                Plaintiffs,

     -against-

**ORDER**
24-cv-03641 (JMA) (SIL)

SUFFOLK COUNTY, NEW YORK, TIMOTHY
SINI, *individually*, BETH CREIGHTON,
*individually*, NICHOLAS MAURO, *individually*,
MARY SKIBER, *individually*, and NICHOLAS
LORUSSO,

                Defendants.
──────────────────────────────────────X

**AZRACK, United States District Judge:**

     Of the six Defendants in this Section 1983 gun rights action, three Defendants moved to dismiss as to the claims against them. See ECF No. 33 (Defendant Timothy Sini's motion to dismiss); ECF No. 34 (Defendant Beth Creighton's motion to dismiss); and ECF No. 35 (Defendant Nicholas Mauro's motion to dismiss). Plaintiffs commenced this Section 1983 action on May 20, 2024, alleging (i) "stigma-plus" liability for defamation under the due process clause of the Fourteenth Amendment; (ii) deprivation of property in violation of the due process clause of the Fourteenth Amendment; (iii) violations of the Second Amendment; (iv) violations of the takings clause of the Fifth Amendment; and (v) Monell liability as to Suffolk County only, which claim is not addressed here because the County has not moved for dismissal. (See ECF No. 1.) Presently before the Court is Judge Locke's R&R recommending that Moving Defendants' motions be granted without prejudice as to Plaintiffs' claims under the Fifth and Fourteenth Amendment, and with prejudice as to their Second Amendment cause of action, and that the Complaint be dismissed as to the Moving Defendants. For the reasons set forth below, the Court

1

adopts Judge Locke's R&R in its entirety, and the Complaint is dismissed as to the Moving Defendants.[1]

## I. DISCUSSION

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd sub nom., Coyne v. Amgen, Inc., 717 F. App'x 26 (2d Cir. 2017). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008). The Court finds no clear error in the portions of Magistrate Judge Locke's R&R to which there are no objections. Next, the Court turns to the portions of the R&R to which there are objections. Defendants Sini, Mauro, and Creighton object to the R&R to the extent that it dismissed Plaintiffs' claims under the Fifth and Fourteenth Amendment without prejudice instead of with prejudice. (See ECF Nos. 38, 39, 41). Plaintiffs object to the portion of the R&R that grants Moving Defendants' qualified immunity as to Plaintiffs' Second Amendment claim and dismisses it with prejudice. (See ECF No. 40).

After conducting a de novo review of the full record (including the motion papers, R&R, objections, and responses to objections) and applicable law, the Court agrees with Magistrate Judge Locke's recommendations, and therefore adopts the well-reasoned and thirty-page R&R in its entirety as the opinion of the Court. Accordingly, Moving Defendants' motions to dismiss are

---

[1] The Court presumes familiarity with procedural history and factual background of this case.

granted as follows: (i) Plaintiffs' "stigma-plus" claim and deprivation of property claim under the due process clause of the Fourteenth Amendment are dismissed without prejudice and with leave to amend the Complaint; (ii) Plaintiffs' Second Amendment claim is dismissed with prejudice; and (iii) Plaintiffs' claim under the Takings Clause of the Fifth Amendment is dismissed without prejudice and with leave to amend the Complaint. Plaintiffs shall file an amended complaint by October 17, 2025. Because Defendants Suffolk County, Nicholas LoRusso, and Mary Skiber answered rather than moving to dismiss, the claims against them remain.

## II. CONCLUSION

Accordingly, Moving Defendants' motion to dismiss is granted, and Plaintiffs shall file an Amended Complaint by October 17, 2025. The Clerk of Court is respectfully requested to close ECF Nos. 33, 34, 35, and 36.

**SO ORDERED.**

Dated: September 12, 2025
Central Islip, New York

/s/  JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE